STATE OF NEBRASKA, EX REL. GERMAN SAVINGS BANK,
v. JACOB FAWCETT, JUDGE.

FILED JUNE 20, 1900.   No. 11,289.

1. **Receiver:** CONFIRMATION OF SALE: SUPERSEDEAS. An order con-
firming the sale of real estate by the receiver of an insolvent
bank is appealable and may be superseded by the bank.

2. ———: MANDAMUS. Mandamus will lie in a proper case to com-
pel fixing the amount of the penalty of a supersedeas bond to
be given on appeal from an order confirming the sale of real
estate.

ORIGINAL proceeding in mandamus to compel the re-
spondent, a district judge, to fix the amount of the pen-
alty in a supersedeas bond on an appeal from confirma-
tion of a sale of realty.   *Writ allowed.*

*Constantine J. Smyth, Attorney General,* and *Joel W.
West,* for relator.

*Ralph W. Breckenridge, contra.*

NORVAL, C. J.

Several years since, on application of the attorney gen-
eral, a receiver was appointed for the German Savings
Bank.   The receiver qualified and entered upon the dis-
charge of the duties of his trust.   The district court of
Douglas county, having jurisdiction of the proceedings,
ordered the receiver to sell the remaining assets in his
hands.   In pursuance of this order the receiver on Feb-
ruary 15, 1900, sold the assets, including several tracts
of land, and made report of his sale.   The court entered
a rule requiring that cause be shown by a day named
why the sale should not be confirmed, and directing that
notice of such order be given the bank, which was done
by service upon Joel W. West, the attorney of record of
the bank, and who had represented it from the time the
receiver was appointed.   Mr. West, for and in behalf of

the German Savings Bank, and in its name, filed object-
tions to the receiver's sale, which were not sustained by
the court, and the sale was approved and confirmed.
Thereupon Mr. West, in the name of the bank, and as its
counsel, asked the district court to fix the amount of the
penalty of the supersedeas bond, which request was de-
nied and this application followed for a peremptory writ
of mandamus to compel the respondent as the presiding
judge to designate the penalty of the bond.

There is no room to doubt that the order confirming
the sale of real estate by the receiver is not only appeal-
able, but may be superseded, as well, by the bank, and it
is for the trial court to fix the amount of the penalty of
the supersedeas bond. *Kountze v. Erch*, 45 Nebr., 288;
*State v. German Savings Bank*, 50 Nebr., 734; *State v. Faw-
cett*, 58 Nebr., 371. Mandamus will lie to compel the fix-
ing of the amount of such bond. *State v. Holmes*,
59 Nebr., 503. But before the writ will issue it must
appear that the respondent was requested by the relator
to fix the penalty of the bond, and the application
has been denied. As already stated, Joel W. West, for
and on behalf of the bank, demanded of the respondent
that he designate the penalty of the supersedeas bond.
This much is conceded. The contention of the respondent
is that Mr. West was counsel for some of the stockholders
of the bank, and for whom, and not in good faith for the
bank, he requested the fixing of the supersedeas bond.
That issue was tendered to the district court when the
application for the supersedeas bond was made, which
issue was determined against the relator, and it is argued
that this is final and conclusive. The question is not
free from difficulties. Doubtless, the district court had a
right, upon the proper issue tendered, to determine
whether an attorney, who appears in a cause before it, has
the authority so to do; and the decision on the question,
when not appealed from, ordinarily becomes *res judicata*.
We are unwilling to apply the rule here, since the act of
the attorney was to secure an appeal and supersedeas,

and in such a case the decision of the district court as to his right to appear for the bank and whether he in good faith represented it is not conclusive in the proceeding. It is for this court to determine for itself whether the relator demanded of the respondent that he fix the amount of the supersedeas bond. The bank, being a corporation, could not personally appear before the district court, but could be represented by its officers or by counsel duly empowered. The evidence shows that Mr. West was employed by the corporation as its attorney at the time the receiver was appointed, and had authority to represent the bank in any and all steps taken in the cause, and he has, at the various stages of the proceeding, represented it before the courts. Thrice before this he has appeared for the bank in this court in matters connected with the receivership, with his authority to do so unchallenged. His general employment authorized him to take the necessary steps to appeal from the order of confirmation and to have the amount of supersedeas bond fixed. Moreover, his right to represent the bank was fully recognized by the service upon him of the rule to show cause. It may be that others than the bank may be greatly benefited by the appeal and the giving of the supersedeas bond, but that is no reason why the writ should be refused. It is true it is time the affairs of the bank were closed up, and this court is willing to lend its aid in that direction, when in its power to do so. The respondent should fix the amount of the supersedeas bond. Judgment will be entered accordingly.

WRIT ALLOWED.